# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES THOMAS RYAN,

          Appellant,

     v.

DEPARTMENT OF DEFENSE,

          Agency.

DOCKET NUMBERS
DC-1221-14-0323-W-1
DC-1221-14-0378-W-1
DC-1221-14-0434-W-1
DC-1221-14-0700-W-1

DATE: February 4, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>James Thomas Ryan</u>, Bel Air, Maryland, pro se.

<u>Lundi McCarthy Shafiei</u>, Esquire, and <u>Steven J. Weiss</u>, Esquire,
    Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeals for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *E.g.*, *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  The key to determining whether an appellant has satisfied the exhaustion requirement in an IRA appeal is whether he provided OSC with a sufficient basis to pursue an investigation, not whether he correctly labeled the category of wrongdoing; OSC can be expected to know which category of wrongdoing might be implicated by a particular set of factual allegations. *Thomas v. Department of the Treasury*, 77 M.S.P.R. 224, 236-37 (1998), *overruled on other grounds*, *Ganski v. Department of the Interior*, 86 M.S.P.R. 32, 37 (2000).  Moreover, there is no statutory jurisdictional requirement that a whistleblower disclosure be made with such specificity as to enable the recipient of the disclosure to conduct an investigation without having to return to the employee for additional information; rather, the statute provides simply that it is a prohibited personnel practice to take a personnel action against an employee for any disclosure of information that the employee reasonably believes evidences any of the improper behavior described under the statute.  *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 13 (1999).

¶3        Once an appellant has established exhaustion of his administrative remedies before OSC, he may establish Board jurisdiction over his IRA appeal by making nonfrivolous allegations that he made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel

action. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). The Board recently revised its regulations to define a nonfrivolous allegation as one that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). After an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim. *Id.*

¶4      To establish that the appellant had a reasonable belief that a disclosure met the criteria of 5 U.S.C. § 2302(b)(8), he need not prove that the condition disclosed actually established a regulatory violation or any of the other situations detailed under 5 U.S.C. § 2302(b)(8)(A)(ii); rather, he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *E.g.*, *Garst v. Department of the Army*, 60 M.S.P.R. 514, 518 (1994). The proper test for determining whether an employee had a reasonable belief that his disclosures revealed misconduct prohibited under the Whistleblower Protection Act (WPA), is this: Could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the Government evidence wrongdoing as defined by the WPA? *Lachance v. White*, 174 F.3d 1378 (Fed. Cir. 1999). Although the Board generally will resolve any doubt or ambiguity as to whether an appellant has made a nonfrivolous allegation in favor of affording him a hearing, "an appellant's statements regarding his alleged protected disclosures can be so defective on their face that the Board will find that they fail to constitute a nonfrivolous allegation of a reasonable belief, and thus require dismissal for lack of jurisdiction." *Sinko v. Department of Agriculture*, 102 M.S.P.R. 116, ¶ 17 (2006) (reporting unsubstantiated rumors does not satisfy the reasonable belief requirement).

¶5      In his initial decision on these consolidated IRA appeals, the administrative judge set forth a comprehensive chronological iteration of the appellant's alleged

protected disclosures, culled from his numerous OSC complaints and updates thereto. MSPB Docket No. DC 1221-14-0323-W-1, Initial Appeal File (IAF), Tab 44, Initial Decision (ID) at 3-4.[2] The administrative judge found that none of the appellant's purportedly protected disclosures, identified as two in May 2012, one in December 2012, two in January 2013, two in April 2013, one in May 2013, ID at 4, reasonably evidenced wrongdoing as defined by the WPA or the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, ID at 6-17.[3] The administrative judge also found that the appellant failed to exhaust his administrative remedies before OSC regarding his purported January 4, 2013 disclosure because the record showed that the appellant failed to provide OSC with any details in support of his vague assertions that he had suffered either an actual or a threatened assault. ID at 8-9. Nevertheless, the administrative judge went on to find that, even if the appellant had demonstrated exhaustion for that particular claim, the documentation he submitted did not evidence a reasonable belief that his disclosures evidenced a violation of law. *Id*. Similarly, the administrative judge found that the appellant failed to demonstrate OSC exhaustion regarding his April 2013 disclosures and that, even assuming that the appellant had done so, his own documentation again showed that his

[2] Because all of the appellant's IRA appeals "arise from the same or related underlying events, and involve aspects of the same whistleblowing claim," the administrative judge consolidated the instant IRA appeal (IAF) with the appellant's three other separately filed IRA appeals: MSPB Docket No. DC-1221-14-0700-W-1, Initial Appeal File (0700 IAF); MSPB Docket No. DC-1221-14-0378-W-1, Initial Appeal File (0378 IAF); and MSPB Docket No. DC-1221-14-0434-W-1, Initial Appeal File (0434 IAF). ID at 2 n.1. The appellant has challenged the administrative judge's consolidation of these appeals, "because there is to [sic] much to include in a PFR." Petition for Review (PFR) File, Tab 3 at 5. The record reflects that the Clerk of the Board rejected the appellant's request to exceed the page limits for a petition for review. PFR File, Tab 2. Based on the reasons set forth in both the initial decision and the Clerk's order, we find no error in these actions.

[3] In his analysis, the administrative judge at times ascribes an incorrect year (i.e., 2014 instead of 2013) to a particular purported disclosure. *See, e.g.*, ID at 7. This minor error does not affect the substantive analysis of the alleged disclosures at issue.

purported disclosures were not protected because "such a routine workplace exchange does not reasonably evidence a violation of law or any other condition covered by 5 U.S.C. § 2302(b)(8)."  ID at 8, 11-12.

¶6    In his petition for review, the appellant generally challenges the administrative judge's determination that he failed to nonfrivolously allege that he made a protected disclosure.  Petition for Review (PFR) File, Tab 3.  The appellant argues that the administrative judge misconstrued the evidence and should have provided him with additional instructions "specifically identifying what precision, detail, or other aspect of the disclosures was lacking."  *Id.* at 8.  In that regard, the appellant observed that "OSC did not ask me for any additional information, or state they [sic] did not have enough information to conduct an investigation" and he contends that the reasonableness of his disclosures is not a jurisdictional question, but rather, a matter for hearing.  *Id.*  Nevertheless, as noted above, the record reflects that the administrative judge gave the appellant appropriate notice of the elements and burdens he must meet to establish jurisdiction over his IRA appeals.  *E.g.*, IAF, Tab 3.

¶7    As the following discussion indicates, we agree with most of the administrative judge's determinations, and invite him to reaffirm those findings on remand, but we find that the appellant has established OSC exhaustion and made the requisite nonfrivolous allegations such that he should receive a hearing on the merits regarding his January 4 and April 5, 2013 disclosures.

The administrative judge properly found that the appellant failed to establish jurisdiction over his May 2012, December 2012, January 2, 2013, April 19, 2013, and May 29, 2013 disclosures.

¶8    The administrative judge found that the appellant's May 2012 disclosures, in which the appellant alleged that he disclosed the fact that his coworker's radio had malfunctioned, leaving the coworker momentarily out of contact, involved workplace friction over routine matters and therefore did not constitute a nonfrivolous allegation of a reasonable belief of a violation of law, threat to

public safety, abuse of discretion, or gross mismanagement. ID at 4-6. In his petition for review, the appellant argues that the delay in communication caused by the radio malfunction "was infinite, not momentary" and could have been catastrophic. PFR File, Tab 3 at 9-11. He explains that he made the disclosure because "he was unable to convince" the officer whose radio malfunctioned of the urgency of the situation. *Id.* at 11. He further claims that his superior officer, who also failed to share the appellant's sense of urgency, created yet another substantial and specific threat to public safety by failing to correct the condition, and he abused his authority both by denigrating the appellant's concerns and by counseling the appellant for his behavior. *Id.* We disagree. The administrative judge correctly noted that such workplace friction over routine matters is not properly the subject of a protected disclosure. ID at 6. Moreover, the fact that a single officer's radio may have malfunctioned simply does not represent a substantial and specific threat to public safety. *See, e.g.*, *Chambers v. Department of the Interior*, 515 F.3d 1362, 1368-69 (Fed. Cir. 2008) (explaining that a disclosed danger is sufficiently substantial and specific when it is likely to occur in the near future and the potential consequences are great).

¶9        Regarding the appellant's alleged December 2012 disclosure that his colleague had violated Virginia law by having loaded unsecured firearms in a home with children, we agree with the administrative judge's finding that the appellant's speculation, based primarily on his colleague's purported boast of having "firearms hidden all over his house with one in the chamber ready to go," and the appellant's unsupported assumptions about the officer in question, were insufficient to constitute a nonfrivolous allegation of a reasonable belief that anything improper or illegal had occurred. ID at 6-7 (citing *Ramos v. Department of the Treasury*, 72 M.S.P.R. 235, 240-41 (1996)). The appellant's assertions on review that, among other things, the colleague involved has a personality disorder, appears to have an inordinate fear of being attacked, and was hired under inadequate screening practices, PFR File, Tab 3 at 12-14, lack support in

the record. Thus, we agree with the administrative judge that the appellant's mere speculation does not constitute a nonfrivolous allegation of a reasonable belief that his alleged disclosure evidenced a violation of law. As stated above, the appellant claims that the reasonableness of his disclosure is a matter for hearing. *Id*. at 14. We disagree and find the appellant's speculative allegations so defective on their face that they fail to constitute a nonfrivolous allegation of a reasonable belief. *E.g.*, *Sinko*, 102 M.S.P.R. 116, ¶ 7; 5 C.F.R. § 1201.4(s).

¶10 Similarly, the administrative judge found that the appellant's alleged January 2, 2013 disclosure, that a colleague had engaged in conduct unbecoming and exhibited emotionally unstable behavior because, among other things, the colleague belonged to a motorcycle club for law enforcement officers and planned to attend a biker rally, was "patently unreasonable." ID at 7-8. In his petition for review, the appellant reasserts his theory that his colleague engaged in conduct unbecoming because he was planning to attend a prominent biker rally, "which is known to be frequented by the criminal element," and that the colleague was emotionally unstable because, among other things, he once expressed his concern about possibly losing his job. PFR File, Tab 3 at 15. He also asserts that this information, along with his personal knowledge of a prior incident involving the same colleague's use of deadly force, and his training and experience as a law enforcement officer, led him to make this disclosure "to protect myself, my coworkers, and the public from a workplace violence threat." *Id.* at 16-17. We agree with the administrative judge that the sort of rank speculation necessary to reach the appellant's conclusion, on the basis of the information known or readily ascertainable to him, is clearly outside the purview of an IRA appeal. Nothing the appellant provides on review indicates that the administrative judge erred in finding that the appellant's speculation did not constitute a nonfrivolous allegation of a protected disclosure.

¶11 The administrative judge found that the appellant failed to provide OSC with sufficient detail regarding his alleged April 19, 2013 disclosure that a

colleague was interfering with agency functions but that, even if he had provided OSC with sufficient detail to exhaust his administrative remedies, the appellant's "own supporting material again plainly reveals that it is not protected." ID at 11-12. In his petition for review, the appellant argues that the colleague involved in this incident distracted him from the performance of his official duties and that the alternative method that the colleague suggested for screening jackets, along with the condescending behavior and unwanted physical contact of his colleague, both violated agency policy and put the public at risk. PFR File, Tab 3 at 24. The appellant does not address the administrative judge's finding on OSC exhaustion as to this claim, but we agree with the administrative judge that, even assuming that the appellant established OSC exhaustion of this purported disclosure, the routine workplace exchange the appellant described does not reasonably evidence any condition covered by 5 U.S.C. § 2302(b)(8). ID at 11-12. Moreover, the appellant's hyperbolic assertion that his colleague's behavior in this incident put the public at risk, i.e., created a substantial and specific threat to public safety, is without merit. *See, e.g.*, *Chambers*, 515 F.3d at 1368-69.

¶12 The appellant's May 29, 2013 alleged protected disclosure involved the aftermath of him submitting a signed complaint in which he accused a colleague of being a habitual drunkard, and his receipt of a letter of reprimand charging him with conduct unbecoming a Federal police officer when the subsequent investigation revealed that his sole basis for the complaint at issue was that the colleague in question told the appellant he liked to go to topless bars. ID at 13-15 & n.5. In this episode, the appellant claimed that his supervisor sought to intimidate him with physical force when issuing the letter of reprimand. ID at 13 (citing 0700 IAF, Tab 1). Crediting the appellant's description of his supervisor's actions, the administrative judge found the appellant's assertion that he was disclosing evidence of actual or imminent workplace violence based on his supervisor's anger "simply strains credulity." ID at 15. We agree. What the

appellant describes is no more than stern discipline and does not constitute a nonfrivolous allegation of a protected disclosure. ID at 13-14 (citing 0700 IAF, Tab 10 at 14-15).

¶13     The administrative judge also found that none of the appellant's conclusory assertions about how numerous supervisors and agency colleagues had wronged him by making false statements or improperly subjecting him to discipline constituted nonfrivolous allegations of protected disclosures. ID at 15-16. In his petition for review, the appellant offers a scattered criticism of the administrative judge's findings, but offers nothing other than his experience as a law enforcement officer and the inferences that he alone draws from the evidence as support for his assertions. PFR File, Tab 3 at 24-29. Thus, we agree with the administrative judge that the appellant's conclusory assertions regarding the conflict he has sown with his colleagues and superiors do not constitute nonfrivolous allegations of protected disclosures.

The appellant established jurisdiction over his January 4 and April 5, 2013 disclosures.

¶14     The appellant challenges the administrative judge's finding that he failed to provide sufficient details to OSC regarding his alleged January 4, 2013 disclosure that a colleague had assaulted him. PFR File, Tab 3 at 17; ID at 8. In addition, he appears to challenge the administrative judge's finding that the appellant failed to exhaust his administrative remedies regarding his April 5, 2013 disclosure, in which he allegedly notified the Office of Professional Responsibility (OPR) of two additional instances of assaultive behavior. PFR File, Tab 3 at 17; ID at 6. For the following reasons, we find that the appellant established OSC exhaustion and nonfrivolously alleged that these disclosures were protected and were a contributing factor in the personnel actions at issue.

¶15     In his petition for review, the appellant cites a letter he provided to OSC containing "detailed and precise disclosures" sufficient to meet his burden to prove OSC exhaustion. PFR File, Tab 3 at 17; *see* 0700 IAF, Tab 8 at 13-24. In

the appellant's letter, he described the nature of the alleged assaults that formed the bases for these disclosures, named the individual who allegedly assaulted him, and set forth the Virginia law that he believed his alleged assaulter had violated. 0700 IAF, Tab 8 at 14. Because OSC did not terminate its investigation into the appellant's complaint until September 29, 2014, *see* 0323 IAF, Tab 42 at 4, well after his letter to OSC, we find that he exhausted his administrative remedies regarding his January 4, 2013 and April 5, 2013 disclosures, *see, e.g.*, *Johns v. Department of Veterans Affairs*, 95 M.S.P.R. 106, ¶¶ 15-18 (2003) (stating that proof of exhaustion need not be in the form of the appellant's complaint to OSC; the Board also will consider evidence of either written correspondence or oral communication with OSC).

¶16      We further find that the appellant has nonfrivolously alleged that he had a reasonable belief that these disclosures revealed, as noted above, violations of law. *Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 11 (2005) (discussing that there is no de minimus exception for the violation-of-law aspect of the protected disclosure standard). Unlike the speculative allegations discussed above, the appellant had personal knowledge of the incidents at issue, and, as a police officer, he was in a position to make a professional judgment that the incidents he disclosed were assaults. *See Schlosser v. Department of the Interior*, 75 M.S.P.R. 15, 22 (1997).

¶17      Under the knowledge-timing test, an employee may demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Peterson*, 116 M.S.P.R. 113, ¶ 15. Once an appellant has made a nonfrivolous allegation that the knowledge-timing test has been met, he has established the second element of a jurisdictional showing under *Yunus*, that his disclosure was a contributing factor

in the agency's decision to take or fail to take a personnel action. *Wood v. Department of Defense*, 100 M.S.P.R. 133, ¶ 13 (2005).

¶18 The knowledge element of the test is evident from the agency's May 7, 2013 letter of warning for conduct unbecoming, in which the appellant's platoon commander specifically referred to the appellant's disclosure, i.e., the January 4, 2013 written complaint he submitted to the agency's OPR, and also from the appellant's written response to the letter of warning. 0323 IAF, Tab 1 at 8-11. Given the short amount of time between the appellant's alleged disclosures in January and April 2013 and the personnel actions at issue, nearly all of which happened later that same year, we conclude that the appellant has met the knowledge-timing test and that he therefore has nonfrivolously alleged that his January 4 and April 5, 2013 disclosures were contributing factors to some degree in most of the personnel actions at issue herein.[4] Accordingly, the appellant is entitled to a hearing on the merits concerning those disclosures. *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002) (explaining that an appellant is entitled to a hearing on the merits if she makes the required nonfrivolous allegations of the elements of an IRA appeal).

---

[4] Of the personnel actions noted by the administrative judge, ID at 1, only the May 29, 2012 letter of counseling, 0378 IAF, Tab 1 at 6, predates the alleged protected disclosures at issue such that those disclosures could not have been a factor in that personnel action. The remaining actions (i.e., the April 20, 2013 lowered performance rating, 0323 IAF, Tab 38 at 3, 9-10; the May 7, 2013 letter of warning, 0323 IAF, Tab 1 at 7-8; the June 5, 2013 suspension of his police powers and the referral for a fitness-for-duty examination, 0434 IAF, Tab 1 at 5, 7; the July 15, 2013 failure to promote, 0323 IAF, Tab 37 at 3; and the October 30, 2013 fourteen-day suspension, 0700 IAF, Tab 1 at 7-13) are all dated after the appellant's alleged protected January and April 2013 disclosures and meet the knowledge-timing test.

**ORDER**

¶19     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:               _____

                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.